*418
 
 Matthias, J.
 

 The claim of the Cleveland Window Glass & Door Company against the National Surety Company for material furnished for use in the construction of the building of the Wade Chateau Company is based upon the theory that the bond executed to the Guardian Savings & Trust Company, trustee for the bondholders, inured to the benefit of those who furnished labor and material for said building.
 

 There can be no doubt as to the real purpose of this bond. A consideration of all the terms and conditions makes clear that purpose, which was to indemnify and save harmless the bondholders represented by the Guardian Savings & Trust Company, as trustee. It was to assure the erection and completion of the contemplated building upon the mortgaged premises, in accordance with the plans and specifications therefor, and free from any and all liens and incumbrances which could in any wise impair the mortgage security. That purpose was accomplished. The contemplated building was erected in the manner stipulated and was completed in accordance with the plans and specifications. Although mechanics’ liens were perfected for labor and material which went into the construction of the building, they did not in any wise affect or impair the security of the bondholders, and hence the conditions of the bond, protecting and safeguarding the interests of the bondholders were not violated;' on the contrary, they have been fully complied with.
 

 A bond of indemnity should receive a reasonable construction in order to carry out the intention of the parties as expressed by the language used. Such bond cannot be held to inure to the benefit of one not a party thereto, nor designated therein,
 
 *419
 
 unless it clearly appears from its terms that it was intended that such party should be the beneficiary thereof, or unless the terms employed therein are ambiguous and susceptible, of two interpretations, which seem equally fair, in which event that interpretation should be adopted which affords the greater indemnity.
 
 Livingston and Taft, Trustees,
 
 v.
 
 Fidelity & Deposit Co. of Md.,
 
 76 Ohio St., 253, opinion, page 264, 81 N. E., 330, and cases there cited.
 

 Upon the authority of the decision of this court in
 
 Royal Indemnity Co.
 
 v.
 
 Northern Ohio Granite & Stone Co.,
 
 100 Ohio St., 373, 126 N. E., 405, 12 A. L. R., 378, it is sought to hold this bond liable for the payment of the portion of the claims for material and labor which went into the construction of said building not satisfied from the proceeds of the sale of the leasehold, which was sold subject to the bonded indebtedness. To so hold would be tó extend the principle announced in the
 
 Royal Indemnity case, supra,
 
 which we are not disposed to do. In that case the bond was given to the owner by a building contractor, and the conditions of that bond were that the contractor should well and truly execute all and singular the stipulations by bim to be executed, and one of those requirements was the furnishing of all labor and material “at his own cost and expense.”
 

 The bond involved in the instant case was executed by the owner of the leasehold in order to make good the security upon which the bonds issued were based, in fact as additional security to the mortgagee of the leasehold, and it was specifically provided therein that the obligations thereof would be satisfied if
 
 *420
 
 the holders of said bonds were saved harmless from laborers’ and mechanics’ liens, or other claims or liens, against said building.
 

 The condition of the bond; which it is claimed renders the surety liable for the payment of claims for material and labor, is the provision requiring the building to be erected in the manner provided in said mortgage deed of trust. The
 
 manner
 
 of construction can of .course relate only to the detailed plans and specifications with reference to said building. This provision clearly evidences the purpose and the only purpose intended to be served by this bond, which was to require the completion of the building in accordance with the plans and specifications, with unimpairment of the bondholders’ security by claims of any kind. Another very clear distinction between the
 
 Royal Indemnity case
 
 and the instant case is that the former involved a public contract, in which neither the materialmen nor laborers could be afforded the protection of a lien. One of the reasons for the conclusion of the court that the bond involved in that case was given for the purpose of protecting mechanics and material-' men, and inured to their benefit, was set forth in the opinion as follows:
 

 “While under our statute our mechanic’s lien law may not have provided for liens on this particular structure, because of its public nature, the city, in this case, knowing that fact, may have had in contemplation the protection of mechanics and materailmen who could not obtain a valid lien upon this structure. ’ ’
 

 In the instant case not only was the provision for perfecting mechanics’ liens applicable, but the
 
 *421
 
 claimant availed himself'of it, and whatever interest the owner had was subjected to the payment of the claims for material and labor.
 

 We are in accord with the conclusion reached by the United States Circuit Court of Appeals in the case of
 
 National Surety Co.
 
 v.
 
 Brown-Graves Co., 7
 
 F., (2d), 91, which was an action on this same bond by another lien claimant.
 

 Judgment affirmed.
 

 Kinkade, Robinson and Jones, JJ., concur.
 

 Day, J., not participating.