Per Curiam.

It is conceded that there was no actual contract between the plaintiff and either of the defendants. The *507 theory of plaintiff upon which it seeks to recover is that it was a third party beneficiary to the contracts of July 17,. 1950, between the state of Ohio and each of the defendants.
In Bestatement of the Law of Contracts, Section 133, a third party beneficiary is said to be either (a) a creditor beneficiary, (b) a donee beneficiary or (c) an incidental beneficiary. An incidental beneficiary under a contract to which he is not a party may not recover from the promisor. St. Clair v. Williams, 7 Ohio, Pt. II, 110, 30 Am. Dec., 194; Blunk v. Dennison Water Supply Co., 71 Ohio St., 250, 73 N. E., 210; Cleveland Window Glass & Door Co. v. National Surety Co., 118 Ohio St., 414, 161 N. E., 280.
If, therefore, the plaintiff was merely an incidental beneficiary under the contracts between defendants and the state of Ohio, obviously it can maintain no action against the defendants.
According to Bestatement of the Law of Contracts, Section 133, a person is a creditor beneficiary if the performance of the promise will satisfy an actual, supposed or asserted duty of the promisee to the beneficiary and is not intended as a gift.
Although this Bestatement definition distinguishes between a creditor beneficiary and a donee beneficiary, such distinction has little materiality so far as liability to the beneficiary is concerned because it is generally held that either type of beneficiary may recover. 11 Ohio Jurisprudence (2d), 429, 431. Familiar examples of recovery by third party beneficiaries, without any attempt to distinguish between creditor or donee, are by the beneficiary of a life insurance policy, by a person injured by the holder of a liability insurance policy, and by a materialman from a surety indemnifying an owner of a construction project against the defaults of a contractor.
The most frequent examples of the creditor-beneficiary situation outlined in the texts are those where one person contracts to pay the debts of another. But such need not always be the case. It is pointed out, as follows, in 4 Corbin on Contracts, 97, Section 787:
*508 “The promises on which a creditor beneficiary has been given judgment are nearly all cases where the consideration was executed and the promisor is a money debtor. The term ‘creditor,’ however, may properly be used broadly to include any obligee to whom the promisee owes a duty. There seems to be no good reason for restricting the rule to cases where the third party is a creditor in the narrow sense of one to whom the promisee owes a liquidated debt. Thus, if the promise is to perform labor or deliver goods instead of to pay money, or is to pay claims for unliquidated damages, the obligee should be able to maintain suit against a promisor who has assumed the duty. ’ ’
The state of Ohio owed certain duties to plaintiff under the contract entered into between them. Among those duties was that of providing plaintiff with a site on which it could perform its work without hindrance or delay and of doing those things which it promised to do at such time and in such manner as would not hinder or delay the plaintiff. Even though the state, because of governmental immunity, can not be sued for its failure to perform those duties, the duties nevertheless existed. The performance of those duties was undertaken by the defendants under their contracts with the state of Ohio. Since the contracts between defendants and the state, in addition to the performance of certain obligations assumed by the defendants for the benefit of the state, provided, also, for the performance of certain obligations owed by the state to the plaintiff, it would seem that plaintiff falls squarely within the definition of “creditor beneficiary.”
Plaintiff’s petition alleges that the contracts between defendants and the state of Ohio set out the standard specifications of the state of Ohio which specifically stated that those contracts and that between the state and plaintiff were entered into pursuant to the accomplishment of a single project, and that it was the duty of all contractors to co-operate and to coordinate their work. The petition alleges also and sets out in 7etail a schedule of construction contained in all contracts, *509 whereby mutual and reciprocal obligations were placed on the defendants and plaintiff to perform their respective portions of the work on time and in sequence.
It is urged by the defendants that the contracts between them and the state of Ohio do not clearly show an intent to benefit the plaintiff, and that such an intent cannot be implied. And several cases from outside Ohio to that effect are cited to us by the defendants. However, there appears to be no unanimity of opinion on this subject. In 4 Corbin on Contracts, 20, Section 776, the following is said about the intention to benefit the third party:
“It is clear that if the ‘primary’ and ‘paramount’ purpose seems to be to benefit the third person, as in the case of all sole and donee beneficiaries, he should have an enforceable right as the court says. But rights have not been limited so narrowly as this. In the case of most creditor beneficiaries, it is the purpose and intent of the promisee to procure the discharge of his obligation. The attainment of this end involves benefit both to himself and to his creditor. This ‘benefit’ he intends to bring about as an entirety, having no idea in his own mind as to its division between the persons receiving it or as to ‘primary’ or ‘paramount’ purpose. Neither should the court make such a division. It should content itself with bringing about the entire result that the promised performance would attain. That result was the ‘paramount’ object of desire and that result was the ‘primarily’ intended result, including not only the ultimate end in view but also the means used to bring it about. The great majority of the courts attain this desired result in full by giving a remedy to the creditor against the promisor. The question is not ‘whose interest and benefit are primarily subserved,’ but what was the performance contracted for and what is the best way to bring it about.”
In the light of that statement, we concur in the analysis by the Court of Appeals, where, in the opinion by Judge Miller, it is said:
“* * * We are of the opinion that in considering the rail *510 road contracts and the plans and specifications and sequence of work specifications it is apparent that it was intended to benefit the contractor, as they all provided for co-operation in order that the job might be completed as scheduled. * * * Throughout all contracts it was made plain that the work of Visintine was dependent upon the performance by the railroads of their contractual obligations and vice versa. By each performing their obligations in the proper sequence a benefit was incurred upon the other by permitting them to complete their work in accordance with the terms of their various contracts.”
Taken altogether, we believe the allegations of the petition are sufficient, as against demurrer, to qualify plaintiff as a beneficiary under the contracts between the defendants and the state of Ohio, particularly in view of the fact that the state is immune from suit for any alleged violations of the duties it assumed under its contract with plaintiff.
We agree with the Court of Appeals in its affirmance of the sustaining of the demurrer to the tort cause of action. Tort is based on a duty owed by one party to another. The duty owed here by the defendants was to the state of Ohio, not to the. plaintiff. The duty arising out of contract upon which plaintiff may rely in its first cause of action was that owed to it by the state. If defendants are liable to plaintiff it is due to a breach of the contracts they made with the state of Ohio and not to the violation of any duty owed directly to the plaintiff upon which a tort action may be based. Wymer-Harris Construction Co. v. Glass, Admx., 122 Ohio St., 398, 171 N. E., 857, 69 A. L. R., 517.

Judgment affirmed.

Weygandt, C. J., Matthias, Bell, Herbert and Peck, JJ., concur.