OPINION
Appellant/Third Party Defendant, Jack L. Trachtenberg, appeals a judgment of the Court of Common Pleas of Marion County, denying his motion for summary judgment and granting the motion for summary judgment of Plaintiff/Appellee, Rodney R. Knickel. For the reasons that follow, we affirm the judgment of the trial court.
On September 9, 1997, Appellee was parked on Vernon Heights Blvd. in Marion Ohio, unloading lawn care equipment from a trailer attached to the back of his vehicle. While he was unloading the equipment, Appellee was struck by a vehicle driven by Appellant and, as a result, sustained serious injuries. Thereafter, the parties entered into a settlement agreement in the amount of $248,500. In consideration of the settlement, Appellee executed a release of claims and indemnity agreement on March 30, 1998.
Subsequently, on September 21, 1998, Appellee filed a complaint against the City of Marion (the "City"), alleging, among others, that Vernon Heights Blvd. constituted a nuisance and a danger, which the City failed to correct. On November 4, 1998, the City filed a third-party complaint against Appellant, demanding judgment for all sums that may be adjudicated against the City in favor of Appellee.
On January 12, 1999, Appellant filed a counterclaim against Appellee, arguing that the release agreement requires Appellee to indemnify Appellant for any liability he might have to the City and for any legal expenses incurred in defending the third-party action. Thereafter, the City dismissed its third-party action against Appellant on November 29, 1999, without prejudice.
On June 15, 2000, Appellant filed a motion for summary judgment, asking the court to enforce the terms of the release agreement. On June 30, 2000, Appellee filed a motion for summary judgment, arguing that the claims brought by the City are not derivative claims through him and, therefore, are not covered by the release of claims and indemnity agreement. In a judgment entry dated August 2, 2000, the trial court denied Appellant's motion for summary judgment and granted Appellee's motion for summary judgment, thereby dismissing Appellant's counterclaim.
Appellant now appeals the August 2, 2000 judgment of the trial court, assigning three errors for our review, which will be addressed together.
Assignment of Error No. 1
 The trial court erred in denying Third Party Defendant/Appellant's Motion for Summary Judgment.
Assignment of Error No. 2
 The trial court erred in dismissing Third Party Defendant Appellant's counterclaim.
Assignment of Error No. 3
 The trial court erred in granting Plaintiff/Appellee's Motion for Summary Judgment.
It is well settled that when reviewing a grant of summary judgment, an appellate court reviews the judgment independently and without any deference to previous determination by the trial court. MidwestSpecialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6. The standard of review in this court is de novo. AAAA Enterprises, Inc.v. River Place Community Urban Redevelopment Corp. (1990),50 Ohio St.3d 157. It is axiomatic that a court is without authority to grant summary judgment unless it can be demonstrated that:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United (1977), 50 Ohio St.2d 317, 327; Civ.R. 56(C).
Appellee initially argues that this Court lacks jurisdiction to review this matter because the August 2, 2000 judgment entry is not a final appealable order. The Supreme Court of Ohio held:
 An order of a court is a final, appealable order only if the requirements of both Civ.R. 54(B), if applicable, and R.C. 2505.02 are met.
Chef Italiano Corp. v. Kent State University (1989), 44 Ohio St.3d 86, at the syllabus.
Appellee does not take issue with R.C. 2505.02 but, rather, argues that the judgment entry is not in compliance with Civ.R. 54(B), which states:
 When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
Specifically, Appellee argues that the judgment entry does not contain the exact language, "no just reason for delay", contained in Civ.R. 54(B). Instead, the judgment entry states that there is "no reasonable cause for delay".
In addressing Appellee's argument, we recognize that there is case law supporting usage of the precise language contained in Civ.R. 54(B). Nevertheless, in the case, sub judice, the trial court used language in its judgment entry nearly identical to the language required by Civ.R. 54(B). It is quite obvious the trial court intended to comply in all respects with Civ.R. 54(B). Accordingly, we find that the language used by the trial court is in substantial compliance with the language required by Civ.R. 54(B). Considering the obvious attempt by the trial court to enter final judgment, to find otherwise would thwart the process of judicial economy.
Therefore, the trial court's judgment entry dated August 2, 2000 is a final appealable order and, as such, this court has jurisdiction to review the merits of this matter.
The crux of Appellant's argument stems from the legal expenses he incurred in defending the action brought against him by the City. Appellant argues that Appellee is liable to him for these expenses based on the release agreement executed on March 30, 1998. The portion of the release agreement in dispute by the parties, provides in relevant part:
 1.5 Releasor hereby agrees to indemnify the persons, firms and parties hereby released, any and all derivative, subrogation or other similar claims, damages, causes of actions, costs or expenses including but not limited to potential claims of all medical providers including hospitals, physicians or rehabilitative entities (or their affiliated companies or agents) resulting from any medical treatment which arose out of the accident described herein or any care, treatment, lost employment or lost earning capacity resulting therefrom.
Appellant argues that the release agreement is clear and unambiguous on its face and conspicuously states the parties' intent therein. Specifically, Appellant argues that the language, "other similar claims", in paragraph 1.5 of the release agreement, unambiguously contemplates indemnification for the type of claim brought against him by the City.
In response, Appellee argues that paragraph 1.5 of the release agreement provides that he agrees to indemnify the released parties from claims that could be made through him by third parties. This includes derivative claims, subrogation claims, and all other similar claims. Appellee argues that the agreement does not provide that he will indemnify the released parties from any other third-party claims not made through him.
Appellee also maintains that the City's claims for indemnification are tenuous. Appellee first argues that there is no implied contract of indemnity between Appellant and the City because there is no relationship between the two, for which the City could be held liable for the wrongs committed solely by Appellant. Appellee further argues that indemnification is not allowed between joint or concurrent tortfeasors who are both chargeable with actual negligence.
In addition to the City's tenuous claims for indemnification, Appellee argues that the City's claims for contribution are questionable. Specifically, Appellee argues that the City is barred from contribution pursuant to R.C. 2307.32(F), which states in relevant part:
 When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or loss to person or property or the same wrongful death, the following apply:
***
 (2) The release or covenant discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.
Accordingly, Appellee argues that there is no question that the City did not have a claim for either indemnification or contribution from Appellant. Appellee maintains that it should have been obvious to Appellant that the City's claims lacked merit and, as such, Appellant should have filed a motion to dismiss the action in its early stages. Therefore, due to Appellant's failure to move to dismiss the City's action in a timely manner, Appellee argues that he should not be responsible for the legal expenses Appellant incurred in defending the meritless claims brought by the City prior to being dismissed as a third-party defendant.
Regarding indemnity agreements, the Supreme Court of Ohio held:
 Indemnity *** arises from contract, express or implied, and is the right of a person, who has been compelled to pay what another should have paid, to require complete reimbursement.
 Travelers Indemnity Co. v. Trowbridge (1975), 41 Ohio St.2d 11, at paragraph two of the syllabus, overruled as to paragraph one of the syllabus only. "The nature of an indemnity relationship is determined by the intent of the parties as expressed by the language used." Worth v. Aetna Cas. Sur. Co.
(1987), 32 Ohio St.3d 238, 240, citing Cleveland Window Glass Door Co. v. National Surety Co.
(1928), 118 Ohio St. 414.
 Common words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument.
Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, at paragraph two of the syllabus.
After reviewing the record herein, we find the language used in paragraph 1.5 of the release agreement to be clear and unambiguous. The language purports to release Appellant from all derivative claims, subrogation claims or other similar claims brought through Appellee. Despite Appellant's argument, the language, "other similar claims", in paragraph 1.5 of the release agreement, does not require that Appellee indemnify Appellant for every imaginable claim that could be brought against him. Rather, the release agreement expresses that Appellee agrees to indemnify Appellant for other claims that are similar to derivative claims and subrogation claims.
Because the action brought against Appellant by the City does not contain a derivative claim, subrogation claim or other similar claim, Appellee is not liable for Appellant's legal expenses pursuant to the terms of the release agreement.
Furthermore, assuming, arguendo, that there is doubt or ambiguity in the language of the release agreement, it will be strictly construed against the party who prepared the release agreement. McKay Machine Co.v. Rodman (1967), 11 Ohio St.2d 77, 80. The record herein demonstrates that Auto-Owners Insurance Company, Appellant's insurer, prepared the release agreement. Had Appellant's insurer intended to provide for indemnification of all other potential claims, it could have done so in a clear, descriptive manner.
Therefore, we hold that the trial court did not err in granting Appellee's motion for summary judgment, denying Appellant's motion for summary judgment or dismissing Appellant's counterclaim.
Accordingly, Appellant's assignments of error are not well taken and are therefore overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 BRYANT and SHAW, JJ., concur.