CLARK, APPELLANT, *v.* MEIGS EQUIPMENT CO. ET AL., APPELLEES.

[Cite as Clark v. Meigs Equipment Co., 10 Ohio App. 2d 157.]

(No. 221—Decided May 24, 1967.)

*Mr. Scott M. Knisley* and *Mr. Jack R. Alton,* for appellant.
*Mr. Bernard V. Fultz,* for appellees.

BROWN, J. This is an appeal on questions of law from a summary judgment rendered in favor of a codefendant, Meigs Water Company, and against the plaintiff, Alice Clark.

The plaintiff in her petition claimed property damage by reason of a fire loss, directly and proximately caused by the failure of the defendant Meigs Water Company to furnish water pressure sufficient to produce any water in any substantial quantity for the purpose of attempting to extinguish a fire, and in violation of the contractual obligation of Meigs Water Company, concerning a fire negligently started by the codefendant, Meigs Equipment Company, on November 23, 1962.

The affidavits in support of the motion for summary judgment refer to the ordinances and practice of the village of Pomeroy concerning its purchase of water from Meigs Water Company for the last 25 years, and that the water hydrants were not working so as to furnish sufficient water to extinguish the blaze. No affidavit refers to the absence of a contractual obligation of Meigs Water Company to furnish water. The answer of the defendant Meigs Water Company denying the contractual obligation to furnish water creates a genuine issue pertaining thereto.

The motion for summary judgment was decided on the pleadings and affidavits in support thereof.

The plaintiff claims that the Common Pleas Court erred in granting a summary judgment in favor of the defendant Meigs Water Company and against the plaintiff. The defendant contends that the plaintiff submitted two interrogatories to the defendant to determine if the defendant Meigs Water Company had a contract with either the village of Pomeroy or the Meigs Equipment Company for the furnishing of water to the Meigs Equipment Company or to the residents of Pomeroy on November 23, 1962, and that the negative answers to both interrogatories established that there was no contract between the defendant Meigs Water Company and the village of Pomeroy or the Meigs Equipment Company for the furnishing of water. An examination of the original pleadings, transcript of journal entries and the bill of exceptions reveals two such interrogatories filed, but no answers to the interrogatories.

We must, therefore, conclude that the allegations in the petition, that the Pomeroy Fire Department, in attempting to

extinguish the fire, had insufficient water pressure and insufficient water to extinguish the fire in *violation of the contractual obligations of the Meigs Water Company,* an obligation denied in the answer of the defendant Meigs Water Company, presented a genuine issue concerning the alleged contract of the Meigs Water Company with someone to furnish water to the residents of the village of Pomeroy. Neither of the two affidavits offered in support of the motion for summary judgment refute the existence of the contractual obligation of the defendant Meigs Water Company to furnish water to the residents of Pomeroy.

Next, we must determine that this genuine issue concerning the failure of the defendant Meigs Water Company to fulfill its contractual duty to furnish water to the residents of Pomeroy, sufficient to extinguish their fires, concerned "any material fact" which, under Section 2311.041, Revised Code, would prevent the moving party, the defendant Meigs Water Company, from obtaining judgment as a matter of law. This requires a determination as to the essential elements necessary to be alleged and proved by an owner of property in Pomeroy suffering a fire loss in order to recover against the defendant Meigs Water Company under its alleged contractual obligation to furnish sufficient water and water pressure to extinguish fires.

In *Blunk* v. *Dennison Water Supply Co.*, 71 Ohio St. 250, 73 N. E. 210, the Ohio Supreme Court determined there was no liability on a water company to an owner of property destroyed by fire caused by failure of the water company to furnish water or fire apparatus to the municipality in which it was situated and to the inhabitants thereof in accordance with its contract with the municipality. The decision hinged on the absence of privity of contract between the fire sufferer and the water company, and also that there was no legal obligation owing by the municipality, in whose shoes the water company stood, to the inhabitants thereof to furnish water or fire apparatus for extinguishing fires. Consequently, no liability existed in the event of failure to furnish sufficient water and fire fighting apparatus. By contrast, the court points out that where a beneficiary of a third party beneficiary contract (such as the plaintiff here) has a right to hold the promisor (such as the water company) liable, there is usually a duty on the promisee (the position or status

the municipal corporation, such as the village of Pomeroy, had in this case) to the claimant asserting his rights as a third party beneficiary. *Boston Safe-Deposit & Trust Co.* v. *Salem Water Co.*, 94 F. 238; 55 Ohio Jurisprudence 2d 356, Section 55.

The Ohio Supreme Court cited *Blunk* v. *Dennison Water Supply Co.*, 71 Ohio St. 250, 73 N. E. 210, with approval in *Visintine & Co.* v. *N. Y., C. & St. L. Rd. Co.*, 169 Ohio St. 505, 160 N. E. 2d 311, and, in effect, concluded in its opinion that the claimant, such as the plaintiff in the case at bar, was an incidental beneficiary under a third party beneficiary contract, who has no right to recover from the promisor. This is demonstrated by the following language at page 507 in the *Visintine* opinion:

"In Restatement of the Law of Contracts, Section 133, a third party beneficiary is said to be either (a) a creditor beneficiary, (b) a donee beneficiary or (c) an incidental beneficiary. An incidental beneficiary under a contract to which he is not a party may not recover from the promisor. *St. Clair* v. *Williams*, 7 Ohio, Pt. II, 110, 30 Am. Dec., 194; *Blunk* v. *Dennison Water Supply Co.*, 71 Ohio St., 250, 73 N. E., 210; *Cleveland Window Glass & Door Co.* v. *National Surety Co.*, 118 Ohio St., 414, 161 N. E., 280.

"If, therefore, the plaintiff was merely an incidental beneficiary under the contracts between defendants and the state of Ohio, obviously it can maintain no action against the defendants.

"According to Restatement of the Law of Contracts, Section 133, a person is a creditor beneficiary if the performance of the promise will satisfy an actual, supposed or asserted duty of the promisee to the beneficiary and is not intended as a gift.

"Although this Restatement definition distinguishes between a creditor beneficiary and a donee beneficiary, such distinction has little materiality so far as liability to the beneficiary is concerned because it is generally held that either type of beneficiary may recover. 11 Ohio Jurisprudence (2d), 429, 431. * * *"

On the other hand, the court in *Visintine, supra,* as is apparent from the foregoing quotation, carefully distinguished creditor and donee beneficiaries from incidental beneficiaries under a third party beneficiary contract and explained that

creditor and donee beneficiaries may recover on the contract from the promisor, but that the incidental beneficiary may not recover.

Therefore, the plaintiff, Alice Clark, was an incidental beneficiary under the contract of the defendant Meigs Water Company to furnish water to extinguish fires. Since the contractual duty of Meigs Water Company to furnish water is not a material fact, and, even if such contractual duty existed, it would not impose liability upon the Meigs Water Company, there can be no genuine issue pertaining thereto. Where an alleged fact in a petition is not a material fact and which, even if proved, would not entitle the plaintiff to recover, such alleged fact is an immaterial fact and not within the meaning of the term "genuine issue as to any material fact" as used in Section 2311.041, Revised Code.

The petition of the plaintiff further proceeds with facts that the contractual failure of the defendant Meigs Water Company to furnish sufficient water to extinguish fires constituted negligence which directly and proximately caused plaintiff's loss. The negligence allegation does not alter the foregoing conclusion.

Thus, the pleadings and affidavits previously filed in this action show that there is no genuine issue as to any material fact and that the moving party, the defendant Meigs Water Company, is entitled to judgment as a matter of law, *Priester* v. *State Foundry Co.*, 172 Ohio St. 28, 173 N. E. 2d 136, paragraph one of the syllabus, within the meaning of the summary judgment statute, Section 2311.041, Revised Code, the pertinent part of which provides:

"* * * Summary judgment shall be rendered forthwith if the pleadings, * * * affidavits, * * * *previously filed in the action*, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *"

The plaintiff cites as authority in its favor the landmark New York case of *H. R. Moch Co.* v. *Renesselaer Water Co.* (1928), 247 N. Y. 160, 159 N. E. 896, decided since the *Blunk* decision, contending that, although in the *Moch case* the plaintiff was denied recovery on the contract theory, the plaintiff could recover under the contract theory if an intention appears

that the promisor is to be answerable to individual members of the public, as well as to the city, for any loss ensuing from the failure to fulfill the promise. *Moch* v. *Renesselaer, supra,* at page 164.

In the instant *Clark case,* there is no pleading or any statement in any affidavit filed in connection with the motion for summary judgment to indicate anything more than the existence of a contract with defendant Meigs Water Company as a party thereto promising to furnish water without stating any of the contract provisions. There is nothing in the record, in the form of pleadings, affidavits, or otherwise, to demonstrate that any contract to furnish water contains any provisions that exhibit an intention that the promisor is answerable to individual members of the public for any loss ensuing from failure to fulfill the promise.

On the contrary, the New York decision of *Moch* v. *Renesselaer Water Co.,* with an opinion by Cardozo, J., is authority for the instant decision that plaintiff has no right to recover against the defendant Meigs Water Company. Cardozo, J., in the opinion in *Moch, supra,* thoroughly discusses the three separate theories under which the plaintiff sought recovery, namely: (1) a cause of action for breach of contract within *Lawrence* v. *Fox,* 20 N. Y. 268; (2) a cause of action for a common-law tort within *MacPherson* v. *Buick Motor Co.,* 217 N. Y. 382, 111 N. E. 1050, L. R. A. 1916 F., 696; or (3) a cause of action for a breach of statutory duty.

In denying recovery to the plaintiff on all three grounds of liability, the court discussed that the action is not maintainable on the contract theory and cited many cases from other jurisdictions, which constituted the preponderance of authority representing 26 states, including the Ohio case of *Blunk* v. *Dennison Water Supply Co.,* 71 Ohio St. 250. The court further explained the proposition that a contract between a city and a water company to furnish water at the city hydrants has in view a benefit to the public that is incidental rather than immediate, an assumption of duty to the city and not to its inhabitants. This proposition is supported by the Supreme Court of the United States. *German Alliance Ins. Co.* v. *Homewater Supply Co.,* 216 U. S. 220, 57 L. Ed. 195, 33 S. Ct. 32, 42 L. R. A. (N. S.) 1000.

We conclude that the motion for summary judgment was properly granted by the trial court in favor of the defendant Meigs Water Company. The summary judgment is affirmed, and the cause remanded to the Common Pleas Court for further proceedings according to law.

*Judgment affirmed.*

Gray, P. J., and Abele, J., concur.

Brown, J., of the Sixth Appellate District, sitting by designation in the Fourth Appellate District.