OPINION
This is an appeal by plaintiff-appellant, Raman Talwar, M.D., from the judgment of the Allen County Court of Common Pleas granting the motion of defendant-appellee, Bilal Kattan, M.D., for summary judgment. Appellant also appeals the trial court's order denying his motion for leave to file a second amended complaint.
Appellant was a medical staff member at Lima Memorial Hospital with provisional privileges. In January 1994, appellant applied for active status as a surgeon. He was denied active staff privileges in July 1994. Appellant thereafter filed this action on February 23, 1996 against the appellee, the Director of the Emergency Room at the hospital. The complaint, as subsequently amended with prior leave of court, alleged that appellee engaged in a course of conduct deliberately designed to deny appellant active status as a surgeon at the hospital, provided false information to the Medical Executive Committee during the Fair Hearing Proceedings and also discussed the same with other physicians outside the proceedings. The complaint further alleged that appellee's conduct was slanderous.
On July 22, 1997, appellee filed a motion for summary judgment. Attached to the motion was the appellant's response to a first set of interrogatories, which interrogatories had attached appellee's letter to Kathy Meihls, Director of Quality Improvement at Lima Memorial Hospital, and also a part of the transcript from the February 22, 1995 Fair Hearing Proceeding. The basis for the motion was that appellant's defamation action is barred by the one-year statute of limitations for libel and slander. On September 4, 1997, appellant filed a brief in opposition to the motion and attached a copy of the same letter but also the transcript from the March 14, 1995 Fair Hearing Proceeding. At the same time, appellant filed a motion for leave to file a second amended complaint, together with a copy of the proposed complaint.
On September 9, 1997, the trial court granted summary judgment to appellee and dismissed the case. In granting the motion, the trial court found that the one-year statute of limitations for this defamation action had expired. Consequently, on September 19, 1997, the trial court overruled appellant's motion for leave to amend as moot.
Appellant now appeals, raising two assignments of error. For his first assignment of error, appellant asserts:
 The trial court erred in granting defendant-appellee's motion for summary judgment.
Civ.R. 56 provides the procedure for summary judgment and states, in pertinent part:
 (C) Summary judgment shall be rendered forthwith if the pleadings, depositions, answer to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *
The first issue raised in appellant's assignment of error is whether the trial court erred in granting summary judgment to appellee for a defamation action. Appellant contends that his amended complaint did not solely set forth a claim for defamation; rather, it also raised a claim of tortious interference with business. Appellant relies upon paragraphs five and six of that amended complaint to support his contention:
 5. Plaintiff says that in January, 1994, he applied for active status as a surgeon at Lima Memorial Hospital and Defendant on his own or in collaboration with others engaged in a course of conduct deliberately designed to deny Plaintiff active status as a surgeon at Lima Memorial Hospital.
 6. Defendant set out to review cases in the emergency room with which Defendant was involved and with malicious intent falsified the facts in an effort to place Plaintiff's professional competence into question.
Civ.R. 8(A) requires that a pleading contain "a short and plain statement of the claim showing that the party is entitled to relief." In this case, an amended complaint is at issue. The amended complaint substitutes for or replaces the original pleading. Steiner v. Steiner (1993), 85 Ohio App.3d 513, 519, citing 4 Harper, Anderson's Ohio Civil Practice (1987), 528, Section 156.04. Thus, affirmative defenses other than those listed in Civ.R. 12(B) are waived if not raised in either a responsive pleading or by amendment. Jim's Steak House, Inc. v.Cleveland (1998), 81 Ohio St.3d 18.
As to a claim for tortious interference with business, this claim occurs when a person, without privilege, induces or otherwise purposely causes a third party not to enter into, or continue, a business relationship, or perform a contract with another. Smith v. Ameriflora 1992, Inc. (1994), 96 Ohio App.3d 179,186, citing Juhasz v. Quik Shops, Inc. (1977), 55 Ohio App.2d 51, paragraph two of the syllabus; see Haller v. Borror Corp.
(1990), 50 Ohio St.3d 10, 16.
From the face of appellant's amended complaint, it is apparent appellant has stated factual allegations that support a claim for defamation. In contrast, it should be noted that the original complaint he filed by different counsel contained additional allegations that appellee had knowledge of appellant's desire to enter into a contractual relationship with the hospital and that the appellee had intentionally and maliciously prevented appellant from attaining said contractual relationship. Appellant's amended complaint is devoid of these factual allegations.
Further, the answer to Interrogatory No. 1 filed by appellant is relevant to this issue. The interrogatory, as posed to the appellant, stated as follows:
 State with specificity how the defendant, on his own or in collaboration with others, acted to deny the plaintiff staff privileges or his appointment at Lima Memorial Hospital as alleged.
Appellant's response to this was: "Not applicable. Plaintiff makes no claim for damages regarding his loss of staff privileges at Lima Memorial Hospital." In appellee's motion for summary judgment, it is apparent that appellee believed the amended complaint only alleged a defamation claim. After this motion was filed, appellant with new counsel moved for leave to file a second amended complaint. As previously stated, the trial court did, in fact, treat the entire action as one for defamation. We agree with the trial court's ultimate conclusion when the factual allegations of the amended complaint are coupled with the record before us.
The second issue raised by this assigned error is whether appellant's defamation claim is barred by the one-year statute of limitations period. Appellant argues that appellee failed to produce sufficient evidence that his letter addressed to Meihls at Lima Memorial Hospital was published prior to the Fair Hearing Proceedings which commenced on February 22, 1995. In support of this argument, appellant offers the transcript of the March 14, 1995 Fair Hearing Proceeding of which the aforesaid letter is a part of the record and contends that the contents of the letter had been marked "confidential." Appellant further points out that he was directed in Interrogatory No. 5 to state what false information was provided during the Fair Hearing Proceedings, not prior to those proceedings.
Interrogatory No. 5 was worded as follows:
 State with specificity what false information this defendant is alleged to have provided to the medical executive committee during the Fair Hearing Proceedings referred to in paragraph seven of your amended complaint.
In answer to this, the appellant attached "Exhibit 25 from the Fair Hearing Proceedings." Specifically, he provided a copy of appellee's letter dated April 11, 1994 sent to Meihls at Lima Memorial Hospital.
In Hecht v. Levin (1993), 66 Ohio St.3d 458, 460, the Ohio Supreme Court addressed the element of publication in a defamation action and stated as follows:
 The publication of defamatory matter is an essential element to liability for defamation. "Publication of defamatory matter is its communication intentionally or by a negligent act to one other than the person defamed." 3 Restatement of the Law.2d, Torts (1965), Section 577(1). Any act by which the defamatory matter is communicated to a third party constitutes publication. Id. at Comment a. Also, it is sufficient that the defamatory matter is communicated to one person only, even though that person is enjoined to secrecy. See id. at Comment b. Ohio law recognizes that publication of defamation consists in communicating it to a person or persons other than the person libeled. Hahn v. Kotten 1975), 43 Ohio St.2d 237, 243, 72 O.O.2d 134, 138, 331 N.E.2d 713, 718 (Emphasis in original).
R.C. 2305.11(A) provides that "[a]n action for libel, slander * * * shall be commenced within one year after the cause of action accrued." With respect to libel, a cause of action accrues when the written words are first published. Reimund v. Brown (Nov. 2, 1995), Franklin App. No. 95APE04-487, unreported. For slander, a cause of action accrues from the time the slanderous remarks were spoken, whether the defamed person had knowledge of the fact or not. Lyons v. Farmers Ins. Group of Cos. (1990), 67 Ohio App.3d 448,450.
In requesting summary judgment, the moving party (appellee) bears the initial burden of demonstrating that there are no genuine issues of material fact on an essential element of the opponent's case and that appellee is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. To accomplish this:
 the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. The evidentiary materials listed in Civ.R. 56(C) include "the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any." These evidentiary materials must show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Id. at 292-293.
In responding to a properly supported motion for summary judgment, the adverse party may not rest upon the mere allegations or denials in his pleadings, but rather, is required to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E). If he does not so respond, summary judgment, if appropriate, shall be entered against him. Id.
As stated before, in paragraph six of the amended complaint, the appellant had alleged that appellee "set out to review cases in the emergency room with which [appellee] was involved and with malicious intent deliberately falsified the facts in an effort to place [appellant's] professional competence into question." The interrogatory relevant to this allegation asked what "facts you allege this defendant deliberately falsified as referred to in paragraph six[.]" In response, appellant stated "[s]ee attached Exhibit 25 from the Fair Hearing Proceedings." Again, in answer to Interrogatory No. 7, which asked him to specify the written communication alleged to be defamatory, appellant attached the same exhibit.
To support appellee's position for summary judgment, appellee relied on a copy of his letter to Meihls, which had a "received" stamp on it of April 14, 1994. Appellee maintains that was the date of publication of the alleged defamatory statements in question. Based on our review of the record pursuant to Civ.R. 56(C), we find that the trial court properly determined that appellee's letter was published on April 14, 1994, at the latest. When appellant filed his original complaint on February 23, 1996, which was subsequently amended, his defamation action based on the letter was time barred by the applicable statute of limitations.
Additionally, we note that the letter does contain matter which could be found to be defamatory. At the Fair Hearing Proceeding held on March 14, 1995, appellant presented Dr. Janiak, Director of the Emergency Department at Toledo Hospital, who was asked his opinion on the four medical emergency cases that were set forth in the letter in question. A review of his testimony indicates that there were criticisms by the review committee on these cases that were much the same as the statements made by appellee in his letter. However, the transcript of the proceeding also discloses inaccurate statements as borne out in the review.
Even if, arguendo, the "discovery rule" were applied, we find that the statute of limitations would still have expired. A review of the record indicates that it was highly unlikely that appellant did not learn about the contents of the aforesaid letter before the March 14, 1995 Fair Hearing Proceeding. In fact, that letter was admitted into evidence by appellant's counsel at the hearing. Furthermore, in his hearing testimony, Dr. Janiuk indicated that it had been a couple of months since he had reviewed the hospital records of the subject emergency cases he was asked about and also stated that he had previously discussed the same with appellant. More specifically, Dr. Janiuk stated that it had "been six months or so ago."
Finally, we turn to the allegations of slander contained in paragraph eight of appellant's amended complaint that appellee "publicly discussed these events, actions, and false information with other physicians outside the Fair Hearing Proceedings[.]" We note that some interrogatories and answers in the record are relevant to this issue. Interrogatory No. 10, as posed to the appellant, stated as follows:
 State with specificity each witness which you intend to call who has any knowledge of allegedly defamatory or slanderous statements, remarks or writings allegedly published or said by this defendant.
In his answer, appellant listed five doctors, including himself. Interrogatory No. 6 stated as follows:
 State with specificity each and every place that this Defendant is alleged to have discussed publicly the events, actions, etc. which you refer to in paragraph eight of your Amended Complaint.
The response to this was:
 1. The information provided to the Fair Hearing C ommittee. See attached Exhibit 25 from those proceedings.
 2. Dr. Kattan publicly discussed these events at a local restaurant, the Mark Pi.
While appellant's amended complaint alleges slanderous statements, the record establishes that the discussion at the Mark Pi Restaurant had occurred in August 1994. One of the doctors listed by appellant specifically testified as to this date during the February 22, 1995 Fair Hearing Proceeding. As previously noted, appellant filed his defamation action on February 23, 1996. Therefore, the statute of limitations had expired for defamation resulting from alleged slander.
Furthermore, we note that appellant has not argued that the additional emergency room cases evaluated by Dr. Janiak at the March 14, 1995 Fair Hearing Proceeding pertained to appellee insofar as the amended complaint alleged a defamation action against him. It is obvious that appellant's answers to the interrogatories support that conclusion.
Based on the above, the trial court did not err in granting summary judgment in favor of appellee. Appellant's first assignment of error is therefore overruled.
For his second assignment of error, appellant asserts:
 The trial court erred in denying appellant's motion for leave to file second amended complaint.
In this case, appellant amended his original complaint with prior leave of court almost a year before appellee's motion for summary judgment was filed. Appellant contends that the trial court should have granted his second motion for leave to amend which was filed just prior to the trial court's order granting summary judgment. In the proposed amended complaint, appellant asserted a claim for tortious interference with his business and profession by appellee. Appellant also sought to add a new-party defendant.
Civ.R. 15(A) states that a party may amend his pleading by leave of court which shall be freely given "when justice so requires." If a motion for leave to amend is not timely filed and no reason is apparent to justify the denial, a trial court does not abuse its discretion in refusing to allow the amendment. SeeWilmington Steel Products, Inc. v. Cleve. Elec. Illum. Co.
(1991), 60 Ohio St.3d 120, 122. The apparent reason for leave in this case was the change in appellant's counsel. However, as stated previously, appellant filed his second motion for leave to amend on September 4, 1997. This was after appellee moved for summary judgment and nearly a year after the statute of limitations defense was raised in appellee's answer to the amended complaint. Furthermore, the effect of the amendment was to add another cause of action against appellee. Under these circumstances, we do not find the trial court abused its discretion in denying the motion to amend.
Nor can Civ.R. 15(C) be employed to add the new-party defendant. While Civ.R. 15(C) may be employed to substitute a party named in the amended pleading for a party named in the original pleading to permit the amended pleading to relate back to the date of the original pleading, the rule may not be employed to assert a claim against an additional party while retaining a party against whom a claim was asserted in the original pleading. Kralyv. Vannewkirk (1994), 69 Ohio St.3d 627, paragraph one of the syllabus.
Accordingly, appellant's second assignment of error is overruled and the judgments of the trial court are affirmed.
Judgments affirmed.
BRYANT and HADLEY, JJ., concur.