[Cite as *Reed v. Jagnow*, 2013-Ohio-2546.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| DONNIE REED, | ) | CASE NO.   12 MA 201 |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| BETTY JAGNOW, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:          Civil Appeal from Common Pleas Court,
Case No. 10CV4539.

JUDGMENT:                                         Affirmed.


APPEARANCES:
For Plaintiff-Appellant:                          Donnie Reed, *Pro se*
#A554-036
Belmont Correctional Institution
P.O. Box 540
St. Clairsville, Ohio  43950


For Defendants-Appellees:                    Attorney David Marburger
Attorney Nicholas White
3200 PNC Center
1900 East Ninth Street
Cleveland, Ohio  44114-3485


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro


Dated:  June 17, 2013

VUKOVICH, J.

{¶1}   Plaintiff-appellant Donnie Reed appeals the decision of the Mahoning County Common Pleas Court which adopted the magistrate's decision dismissing his lawsuit against defendant-appellee The Youngstown Vindicator, et alia because it was not filed within the one-year statute of limitations for defamation actions. Appellant argues that his case should not have been dismissed under the statute of limitations because the statute was tolled due to a letter he sent, a federal lawsuit he filed, and his imprisonment.  For a multitude of reasons, appellant's arguments are without merit, and the trial court's decision is affirmed.

STATEMENT OF THE CASE

{¶2}   On December 3, 2010, appellant filed a *pro se* complaint against The Youngstown Vindicator, Betty Jagnow, Mark Brown, and Peter Milliken in their individual and representative capacities for the Vindicator.  Appellant claimed that during the summer of 2008, while he was on trial for a fatal shooting, the defendants published articles that defamed him and prevented him from having a fair criminal trial.  Specifically, he alleged that the Vindicator delved into the facts of the case instead of reporting on events occurring in court, reported facts not proven by a jury, made him appear guilty before trial, attempted to disparage his character by making him out to be Anti-American and "some sort of mafia hit-man," and made the victim appear to be "some sort of war hero."  He also stated that they failed to rectify their misstatements once he notified them of their mistakes.

{¶3}   The defendants filed a timely answer which denied the allegations and raised the statute of limitations as their first affirmative defense.  Appellant filed a response to the answer, which filing does not exist under the civil law of this state. *See* Civ.R. 7(A).  On February 2, 2011, the defendants filed a Civ.R. 12(C) motion for judgment on the pleadings, asking the court to dismiss the case because the one year statute of limitations for defamation actions had long since run.

{¶4}   On May 16, 2011, the magistrate issued a decision granting the defendant's motion and dismissing the case.  Appellant was provided the standard notice about filing objections within 14 days and the waiver that results from any

failure to timely object. Appellant filed a request for additional time to file objections. He was granted until July 7, 2011.

{¶5} Instead of objecting, however, appellant filed various other documents. For instance, on June 7, he filed a Civ.R. 55(A) motion for default judgment. On August 17, he filed a motion to amend his complaint without stating what amendment he would make relevant to the statute of limitations issue. Then, on September 8, 2011, appellant filed a motion to vacate judgment under Civ.R. 60(B). He alleged that he was not served with the dismissal motion and stated that there was insufficient process under Civ.R. 12(B)(4), which deals with the failure of service of the complaint upon the defendant.

{¶6} On October 12, 2011, the magistrate issued a decision pointing out that no judgment exists of record from which a motion to vacate judgment could be filed. The magistrate also stated that appellant's motion for default judgment was untimely and the reasons for its filing were unclear as the defendants had filed an answer. The magistrate noted how appellant was granted an extension of time to file objections to the magistrate's dismissal order and that he failed to take advantage of said extension by filing objections. Finally, the magistrate explained that the defendants' motion to dismiss was certified as being mailed to appellant and that this was sufficient to deem a party served with a motion, noting that certified mailing is not required once the complaint has been served. The magistrate concluded that the motion to vacate was denied.

{¶7} On December 15, 2011, appellant filed another motion for relief from judgment under Civ.R. 60(B), reiterating his arguments regarding the alleged failure to serve him with the motion to dismiss and asserting excusable neglect in failing to respond to the dismissal motion. He also stated that he was objecting to the last magistrate's decision and claimed that his time for objecting was indefinitely tolled because the decision was not mailed out by the clerk until October 21 instead of within three days as instructed.

{¶8} The defendants responded by pointing out that appellant set forth no arguments regarding the statute of limitations and thus no basis for reconsideration of the magistrate's prior decisions. Appellant filed a reply which again failed to

reference the statute of limitations issue besides a vague suggestion that his original complaint was filed in the wrong venue (which he did not explain) and removed to the lower court (which it was not, it was filed directly there by appellant).

**{¶9}** On June 28, 2012, the magistrate denied appellant's motion for relief, stating that appellant's claims were time-barred. The magistrate also noted that appellant failed to object to the magistrate's original dismissal order.

**{¶10}** On July 12, 2012, appellant filed objections to the magistrate's decision. Regarding the statute of limitations, he again made reference to the original incorrect venue of the action, suggesting that some prior filing preserved the statute of limitations. He admitted that the discovery rule does not apply to defamation actions. He urged that any irregularities in his various filings be overlooked because he is *pro se* and incarcerated.

**{¶11}** On October 12, 2012, the trial court overruled appellant's objections, adopted the magistrate's decision, and entered judgment. The court stated that appellant failed to timely object to the original magistrate's decision dismissing the action. In any event, the court concluded that appellant's claims were time-barred. Appellant filed a timely notice of appeal from that judgment entry.

<u>MOTION TO DISMISS APPEAL</u>

**{¶12}** Appellees initially ask that we dismiss the appeal, claiming that appellant's brief was late. Appellees note that on November 29, 2012, we denied appellant's motion for an extension of time to file the record on appeal with transcripts as there had been no hearing. Our order stated that his brief was due 20 days after the clerk's transmission of the record to this court. The record was then filed on December 6. Appellant's brief was certified by him as being mailed on December 12 and was time-stamped December 28, 2012. Appellees claim that appellant's brief was due on Wednesday, December 26. However, we cite appellees to the following appellate rules.

**{¶13}** "Documents required or permitted to be filed in a court of appeals shall be filed with the clerk. Filing may be accomplished by mail addressed to the clerk, but filing shall not be timely unless the documents are received by the clerk within the

time fixed for filing, *except that briefs shall be deemed filed on the day of mailing.*" (Emphasis added.) App.R. 13(A).

**{¶14}** "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after service of a notice or other document upon that party and *the notice* or paper *is served upon the party by mail* or commercial carrier service under App.R. 13(C)(4), *three days shall be added* to the prescribed period." (Emphasis added.) App.R. 14(C).

**{¶15}** Under these rules, appellant's brief was not untimely. Thus, appellees motion to dismiss is not well-taken.

<u>APPELLANT'S STATEMENT OF THE ISSUES PRESENTED</u>

**{¶16}** Appellant's brief at page iii contains a statement of three issues presented for review. *See* App.R. 16(A)(3). The brief does not contain a statement of the assignments of error as required by App.R. 16(A)(2). The three listed issues are as follows:

**{¶17}** "1. Defendant's refusal to acknowledge or to adhere to "Written Notice Provision" to "Ceases and Desist" [sic] concerning publication of false information regarding Plaintiff."

**{¶18}** "2. Defendant's belief that burden of proof shifts concerning Statute of Limitation lies with Plaintiff to bear validation."

**{¶19}** "3. The intentional infliction of emotional distress by continuously publishing the slanderous insinuation of criminal behavior of the Plaintiff, where none existed outside of traffic violation."

**{¶20}** Appellant's brief also contains a one-page statement of the case and the facts which mainly just complains about the Vindicator's reporting. Only one sentence of his statement of the case and facts relates to his statute of limitations contentions presented in the argument section of his brief. Notably, the statement of the case is attached to the brief after the argument and conclusion in violation of App.R. 16(A).

**{¶21}** The substance of his brief is contained in two pages entitled, "Assignment of error and Argument." The argument section is not separated into

issues presented or assignments of error and does not match the statement of the issues presented. In fact, no assignment of error is listed anywhere in the brief.

{¶22} Pursuant to App.R. 16(A)(7), the brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." The appellate court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A). App.R. 12(A)(2).

{¶23} Thus, bare introductory statements that are not then argued in the brief need not be addressed. For instance, the third issue appellant sets forth in the preface to the brief, mentioning intentional infliction of emotional distress, need not be addressed by this court because it is never argued thereafter and no citations are provided relevant thereto. *See id.* Regardless, we note that there was not even a claim in the complaint for intentional infliction of emotional distress. *See also Ibenez v. Hutchins*, 10th Dist. No. 12AP-319, 2012-Ohio-5040, ¶ 9 (where defamation is basis for intentional infliction of emotional distress claim, one-year statute of limitations applies). And, appellant concedes that the one-year statute of limitations for libel and slander actions applies. (Appellant's Brief at 2).

{¶24} Essentially, the argument section of appellant's brief presents two arguments in support of a contention that his case should not have been dismissed because the statute of limitations was tolled: (1) the savings statute of R.C. 2305.19 applies because he sent a "cease and desist" letter to the defendants prior to the statute's running out and he then filed a federal suit which was dismissed without prejudice allowing refiling in state court; and (2) the savings provision of R.C. 2305.16 tolled the statute of limitations during appellant's imprisonment. These arguments are overruled for the following reasons.

## STATUTE OF LIMITATIONS

{¶25} It is not disputed that the applicable statute of limitations for this defamation action is one year from the date the cause of action accrued. *See* R.C.

2305.11(A). The date a defamation cause of action accrues is the date of publication. *Foster v. Wells Fargo Fin. Ohio, Inc.*, 195 Ohio App.3d 497, 960 N.E.2d 1022, 2011-Ohio-4632, ¶ 15; *T.S. v. Plain Dealer*, 194 Ohio App.3d 30, 954 N.E.2d 213, 2011-Ohio-2935, ¶ 7-8 (8th Dist.) (also stating that under the single publication rule, the statute does not restart when the original article became available on the Internet if no modifications were made). As appellant acknowledges, there is no discovery rule for defamation. *Cramer v. Fairfield Med. Ctr.*, 182 Ohio App.3d 653, 914 N.E.2d 447, 2009-Ohio-3338, ¶ 69-70; *Lyons v. Farmers Ins. Group of Cos.*, 67 Ohio App.3d 448, 450, 587 N.E.2d 362 (1990).

**{¶26}** As appellant points out, the defendant has the ultimate burden of proof regarding the affirmative defense of the statute of limitations. *Lyons*, 67 Ohio App.3d at 450. Still, a complaint can be dismissed upon motion of the defendant based upon the statute of limitations if the complaint conclusively shows on its face that the action is barred by the statute of limitations. *Ohio Bur. of Workers' Comp. v. McKinley*, 103 Ohio St.3d 156, 2011-Ohio-4432, ¶ 13.

**{¶27}** "For there to be a conclusive showing in that regard, the complaint must show both: (1) the relevant statute of limitations; and (2) the absence of factors which would toll the statute or make it inapplicable." *Helman v. EPL Prolong, Inc.*, 139 Ohio App.3d 231, 241 743 N.E.2d 484 (7th Dist.2000). *See also Feagin v. Mansfield Correctional Institution*, 10th Dist. No. 07AP–182, 2007–Ohio–4862 (face of complaint shows statute has run and neither complaint nor response to dismissal motion raises the savings statute). *Allstate Ins. Co. v. Stanley*, 5th Dist. No. 95CA99 (Mar. 8, 1996) (trial court erred in denying motion for judgment on pleadings where complaint is barred by statute of limitations on its face and fails to allege the applicability of the savings statute).

**{¶28}** Here, the complaint established on its face that the one year statute of limitations for defamation actions was applicable. The complaint was filed on December 3, 2010, and it declared that the defamation occurred during the summer of 2008. Consequently, the complaint showed on its face that it was filed more than two years after the cause of action accrued in a case involving a one year statute of limitations. The complaint contained no factors showing that the statute could have

been tolled, which tolling arguments raised by appellant are shown below to lack merit in any event.

**{¶29}** Notable here is the fact that appellant did not respond to the dismissal motion, and he then failed to object to the magistrate's dismissal of the complaint. Even after being granted a lengthy extension of time for filing objections, he chose not to object. Instead, long after the extension expired, he filed reconsideration motions. He called the filings motions for relief from judgment or motions to vacate judgment under Civ.R. 60(B).

**{¶30}** However, a magistrate's decision is an interlocutory order. *Ensell v. Ensell*, 7th Dist. No. 09JE14, 2010-Ohio-5942, ¶ 26; *In re N.R.*, 7th Dist. No. 09MA85, 2010-Ohio-753, ¶ 13. Thus, it could be subject to reconsideration if the magistrate is so inclined. *See Pitts v. Department of Transportation*, 67 Ohio St.2d 378, 423 N.E.2d 1105, fn. 1. But, a Civ.R. 60(B) motion for relief from judgment does not exist from a magistrate's decision as such decision is not final. Civ.R. 60(B) (relief from "a final judgment, order, or proceeding"); *Coleman v. Coleman*, 2d Dist. No. 2003CA39, 2004-Ohio-1018, ¶ 12; *Schuster v. Schuster*, 11th Dist.No. 2007-L-037, 2007-L-158, 2008-Ohio-3604, ¶ 37. And, it is not a substitute for timely objections.

**{¶31}** In fact, the failure to object required the trial court only to view the face of the decision for an evident legal error or other defect. *See* Civ.R. 53(D)(4)(c). And, this failure to object also means that this court need only review the dismissal for plain error. Civ.R. 53(D)(3)(b)(iv). *See also* Civ.R. 53(D)(3)(b)(ii) (objections shall be specific and state with particularity all grounds for objection); *Lipp v. Lipp*, 7th Dist. No 10CO38, 2011-Ohio-5759, ¶ 25. Plain error is recognized in a civil case only in an extremely rare case involving exceptional circumstances where the unobjected to error seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself. *Gable v. Gates Mills*, 103 Ohio St.3d 449, 816 N.E.2d 1049, 2004-Ohio-5719, ¶ 43, quoting *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, 679 N.E.2d 1099, syllabus. Such exceptional circumstances do not exist in this case, and no error seriously affected the basic fairness of the judicial process.

**{¶32}** Appellant's irregular actions and omissions throughout this case have made for a convoluted procedural history and a procession of waivers. That he is a *pro se* plaintiff who is incarcerated cannot be an excuse for the various procedural and substantive flaws existing throughout this civil case. "Ignorance of the law is no excuse, and Ohio courts are under no duty to inform civil pro se litigants of the law." *Yoakum v. McIntyre*, 7th Dist. No. 03CO63, 2005-Ohio-7083, ¶ 36. *Pro se* litigants are held to the same standard as all other litigants. *Id.; Empire Gen. Life Ins. Co. v. Hoover*, 8th Dist. No. 51311 (Dec. 4 1986). This comment is especially apt in a civil lawsuit where the *pro se* litigant is the plaintiff. Regardless, appellant's items briefly posited in the argument section of appellant's brief lack merit.

<u>SAVINGS STATUTE DUE TO LETTER AND FEDERAL SUIT</u>

**{¶33}** The Savings Statute provides in pertinent part that if an action is commenced or attempted to be commenced and if the plaintiff fails otherwise than upon the merits, the plaintiff may commence a new action within one year of that failure or within the period of the original applicable statute of limitations, whichever occurs later. R.C. 2305.19(A).

**{¶34}** Appellant initially contends that a letter that he sent to the Vindicator tolled the statute of limitations by acting as the timely "attempt to commence" an action within the one year limitations period. Attached to his brief is a letter he purportedly sent to the defendants on November 2, 2008 asking them to "cease and desist" their publication of slanderous statements and advising that he may institute a civil action against them for "exaggeration of the first magnitude."

**{¶35}** However, this letter was not presented to the magistrate or to the trial court. Thus, we cannot rely upon it on appeal. *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500, ¶ 1 (1978) ("A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.").

**{¶36}** In fact, the argument itself (that a letter tolled the statute of limitations) was not presented below. Thus, this claim of tolling has been waived for purposes of appeal in the absence of plain error. *See State ex rel. Gibson v. Indus. Comm.*, 39 Ohio St.3d 319, 320, 530 N.E.2d 916 (1988) (cannot raise argument for first time on

appeal). *See also Moore v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-732, 2011-Ohio-1607, ¶ 22 (failure to raise claim that statute of limitations was tolled on equitable grounds waives the argument on appeal), citing *Maynard v. Norfolk S. Ry.*, 4th Dist. No. 08CA3267, 2009-Ohio-3143 and citing *Davis v. Allen*, 1st Dist. No. C–010165 (Jan. 18, 2002); *Dibert v. Watson*, 3d Dist. No. 8-09-02, 2009-Ohio-2098, ¶ 15 (failure to raise discovery tolling exception to statute of limitations in trial court waives issue).

**{¶37}** And, as aforementioned, appellant did not object to the magistrate's decision dismissing the case. Civ.R. 53(D)(3)(b)(ii)-(iv) (must object with specific or waive all but plain error on appeal). Without objection, the trial court was permitted to adopt the decision unless there was an error of law or other defect evident on the face of the decision. Civ.R. 53(D)(4)(c).

**{¶38}** Regardless, appellant cites nothing in support of his contention that a letter of complaint somehow tolls the statute of limitations for defamation or is the equivalent to an attempt to commence an action. There is no rational reason to create such a doctrine. "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing * * *." Civ.R. 3(A). This does not permit attempted commencement of an action by sending a letter complaining about how a newspaper portrays a criminal defendant. Consumers write complaint letters on a regular basis, but causes of actions are not tolled thereby.

**{¶39}** Appellant may have read case law regarding the prior version of the defamation statute of limitations which previously also contained the statute of limitations for medical malpractice actions. *See* former R.C. 2305.11. That former statute provided that an action upon a medical, dental, optometric, or chiropractic claim shall be commenced within one year after the cause of action accrued, but if prior to the expiration of that one year, a claimant gives to the defendant written notice that he is considering bringing an action, that action may be commenced at any time within one hundred eighty days after the notice is so given. Former R.C. 2305.11(B)(1) (moved in 2003 to R.C. 2305.113). This notice provision was never relevant to defamation claims. Consequently, this argument is without merit.

**{¶40}** It is only with reliance on this argument that appellant delves into the second part of the savings statute claim. That is, he states that the letter, written within one year of the articles, stopped the statute from running. Thus, he concludes that a *federal* lawsuit was timely filed on January 4, 2010 (also more than one year from the summer of 2008 articles) because the clock was stopped by the letter. He notes that his federal suit was dismissed without prejudice. As he filed the within state lawsuit within one year of that dismissal, he believes his claim is saved from the statute of limitations by the savings statute.

**{¶41}** Since the argument surrounding the letter fails, the remainder of the argument becomes moot since the federal suit was also filed outside of the one-year statute of limitations as applied to the date of publication set forth in appellant's complaint. Now, for the first time in his reply brief, appellant contends that a defamatory article was published in May of 2009. He then posits that the federal suit was filed within one year of that publication and the savings statute would permit him to file in state court within one year of the federal dismissal.

**{¶42}** Firstly, a reply brief is not the place for raising such an argument for the first time. *See, e.g., Wells Fargo Bank, N.A. v. Jarvis*, 7th Dist. No. 08CO30, 2009-Ohio-3055, ¶ 34-36. Secondly, an appeal is not the place for changing the date of publication set forth in the complaint. The complaint states that the dates of publication were all during the summer of 2008. (Even the articles he submitted in his response to the defendants' answer {a filing that does not exist under the Civil Rules} were all 2008 articles). The date range specified in the complaint is the proper date for use by the magistrate and then by the trial court, especially where no timely objections were submitted to the original dismissal. As such, it is the date range to be used by the appellate court as well.

**{¶43}** We also note that appellant has cited to no cases holding that Ohio's savings statute applies after the dismissal of a federal suit. In *Howard v. Allen*, the Ohio Supreme Court announced that Ohio's savings statute *only applies* where the action was originally commenced or attempted to be commenced in a court *of this state*. *Howard v. Allen*, 30 Ohio St.3d 130, 135, 293 N.E.2d 167.

**{¶44}** Thereafter, the Ohio Supreme Court considered an exception for class action lawsuits. *Vaccariello v. Smith & Nephew Richards, Inc.*, 94 Ohio St.3d 380, 763 N.E.2d 160 (2002). The Court stated that it had not revisited the *Howard* case in the 30 years since the ruling. *Id.* at 381. The Court then modified *Howard* but *only* "to the extent that it conflicts" with the new holding that *class actions* filed in Ohio or federal court will toll the statute of limitations as to all asserted members who would have been parties if the suit had been permitted to continue. *Id.* at 382-383.

**{¶45}** Thus, *Howard* is still the law on cross-jurisdictional tolling in those cases not involving class actions. *See id.* (Notably, four justices agreed to the class action exception to *Howard's* ban on cross-jurisdictional tolling and three justices voted that there should be no exception to *Howard* at all). For all of these reasons, appellant's savings statute argument fails, and this assignment of error is overruled.

INCARCERATION AS A TOLLING EVENT

**{¶46}** The next discernible argument that appellant presents is that the statute of limitations was tolled under R.C. 2305.16 while he was imprisoned for the shooting. Said statute provides in whole:

> Unless otherwise provided in sections 1302.98, 1304.35, and 2305.04 to 2305.14 of the Revised Code, if a person entitled to bring any action mentioned in those sections, unless for penalty or forfeiture, is, at the time the cause of action accrues, within the age of minority or of unsound mind, the person may bring it within the respective times limited by those sections, after the disability is removed. When the interests of two or more parties are joint and inseparable, the disability of one shall inure to the benefit of all.

> After the cause of action accrues, if the person entitled to bring the action becomes of unsound mind and is adjudicated as such by a court of competent jurisdiction or is confined in an institution or hospital under a diagnosed condition or disease which renders the person of unsound mind, the time during which the person is of unsound mind and so adjudicated or so confined shall not be computed as any part of the period within which the action must be brought.

R.C. 2305.16.

**{¶47}** Appellant cites a 1984 case in support of his position. *See Paugh v. Fair*, 16 Ohio App.3d 128, 474 N.E.2d 653 (10th Dist.1984) (holding that the savings provision of R.C. 2305.16 does not apply where imprisonment begins after the cause of action has accrued). However, the statute was changed in 1990 with the express purpose "to eliminate the tolling of certain statutes of limitation during imprisonment." 1990 S 125 (specifically citing R.C. 2305.11 and R.C. 2305.16).

**{¶48}** Under the plain language of the current statute, imprisonment does not toll the running of the statute of limitations. Appellant's claim that the statute of limitations was tolled under R.C. 2305.16 due to his imprisonment is without merit. *Harman v. Wise*, 7th Dist. No. 00CA50 (Dec. 10, 2011). *See also Pankey v. Ohio Adult Parole Auth.*, 10th Dist. No. 11AP-36, 2011-Ohio-4209, ¶ 10; *Kucharski v. Kucharski*, 8th Dist. No. 75049 (Nov. 4, 1999) (imprisonment is not a legal disability for purposes of statute of limitations).

**{¶49}** For all of the foregoing reasons, the trial court's judgment is affirmed.


Donofrio, J., concurs.
DeGenaro, P.J., concurs.