DECISION AND JUDGMENT ENTRY
Eve Vanderpool appeals the judgment of the Scioto County Court of Common Pleas granting Southern Ohio Medical Center's ("SOMC") motion for summary judgment. Vanderpool asserts that the trial court erred in granting SOMC's motion because genuine issues of material fact exist with regard to the size of the hole in SOMC's parking lot that caused her fall. Because the record contains conflicting affidavits regarding the size of the hole in the pavement, we agree. Accordingly, we sustain Vanderpool's assignment of error and reverse the judgment of the trial court.
 I.
The parties do not dispute the following facts in the record. On December 9, 1996, Vanderpool went to SOMC's Mercy Hospital to visit her grandmother. While crossing the parking lot on her way out, Vanderpool fell on the pavement and fractured her fifth metatarsal bone. Vanderpool went on to work, but returned to Mercy Hospital a short time later due to the pain in her foot.
Vanderpool's daughter, Lori Cooper, accompanied Vanderpool to the emergency room at Mercy Hospital for treatment. As they entered, Vanderpool showed Cooper a hole in the pavement, which she stated had caused her fall. When Vanderpool and Cooper entered the emergency room, Vanderpool notified a nurse that she had fallen in a hole in the parking lot. At that time, SOMC security guard David Beair arrived to investigate. Cooper took Beair out to the parking lot to show him where her mother fell.
At this point, the parties' accounts diverge. SOMC filed a motion for summary judgment to which it attached an affidavit by Beair. Beair stated in his affidavit that the hole Cooper pointed out to him was actually only a break in the pavement, approximately one-quarter inch deep. He further averred that he personally took photographs of the area Cooper pointed out to him, and verified that the photographs attached to his affidavit are accurate and true copies of those photographs.
Vanderpool attached Cooper's affidavit to her response to SOMC's motion for summary judgment.[1] In her affidavit, Cooper stated that Vanderpool showed her the hole in the parking lot pavement where she fell. Cooper described the hole as approximately six inches deep and one to one and one-half feet wide. Cooper further averred that she later pointed out the hole to a SOMC security guard, but she did not recall the guard taking any photographs at that time. Finally, Cooper averred that she saw the photographs submitted as exhibits by SOMC, and stated that the photographs do not accurately depict the hole in which Vanderpool fell.
In its motion for summary judgment, SOMC asserted that the photographic evidence, Beair's deposition testimony, and his affidavit showed that the alleged defect in the pavement was less than two inches deep, and therefore that defect was insubstantial as a matter of law pursuant toKimball v. Cincinnati (1953), 160 Ohio St. 370, syllabus. Vanderpool responded by citing her deposition testimony and Cooper's affidavit, which state that the hole was six inches deep by eighteen inches across and that Beair's photographs did not depict the hole. SOMC replied, asserting that Vanderpool's own deposition contradicted Cooper's affidavit and corroborated Beair's testimony and affidavit, in that Vanderpool testified that Cooper was with Beair when he took photographs of the area where she fell. Vanderpool responded by noting that her testimony in fact corroborated Cooper's affidavit in that she and Cooper agreed on the size of the hole in which Vanderpool fell.
The trial court granted SOMC's motion for summary judgment. Vanderpool appeals, asserting the following assignment of error:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING DEFENDANT'S-APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE AFTER CONSTRUING THE FACTS IN FAVOR OF THE APPELLANT REASONABLE MINDS COULD COME TO DIFFERENT CONCLUSIONS.
 II.
Summary judgment is appropriate only when it has been established that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(A). See Bostic v. Connor
(1988), 37 Ohio St.3d 144, 146; Morehead v. Conley (1991),75 Ohio App.3d 409, 411. A disputed fact is not a "material fact" when, regardless if proven or not, it does not affect the result. See Clark v.Meigs Equipment Co. (1967), 10 Ohio App.2d 157, 161. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. Doe v. First UnitedMethodist Church (1994), 68 Ohio St.3d 531, 535.
In reviewing whether an entry of summary judgment is appropriate, an appellate court must independently review the record and the inferences that can be drawn from it to determine if the opposing party can possibly prevail. Morehead, 75 Ohio App.3d at 411-12. "Accordingly, we afford no deference to the trial court's decision in answering that legal question." Id. See, also, Schwartz v. Bank One, Portsmouth, N.A. (1992),84 Ohio App.3d 806, 809.
Before we begin our analysis, we note that both parties cited to the depositions of Beair, Vanderpool, or both in their memoranda to the trial court and to this court. However, neither party ever filed any depositions in the trial court. Because the parties did not file the depositions, they are not part of the record and they were neither properly before the trial court nor properly before us now. See App.R. 9(A) (limiting our consideration to "original papers and exhibits thereto filed in the trial court"). Accordingly, we confine our analysis to the facts contained in the Beair and Cooper affidavits, which were properly filed in the trial court.
The size of the hole in the pavement is a material fact in this case. A difference in elevation of less than two inches is considered, by a rebuttable presumption, to be insubstantial as a matter of law in Ohio.Kimball, supra; Backus v. Giant Eagle, Inc. (1996), 115 Ohio App.3d 155,157; Acord v. Speedee Ctrs. South (May 7, 1997), Scioto App. No. 96CA2450, unreported. Thus, the size of the hole where Vanderpool fell may affect the result in this case, and it is therefore a material fact.
The Beair and Cooper affidavits clearly conflict. Beair specifically described the place where Vanderpool fell as "not actually a hole but simply a break in the pavement, which was no deeper than ¼ of an inch." Cooper described the area where Vanderpool fell as a "hole six (6) inches deep and one (1) to one and one-half (1½) feet wide." Beair asserts that the photographs depict the area where Vanderpool fell; Cooper states that they do not. It is difficult to envision a more clear-cut instance of a material fact being in dispute.
SOMC asserts that we should not consider Cooper's affidavit because it conflicts with Vanderpool's prior deposition testimony in that Vanderpool testified that Cooper witnessed Beair photographing the area of her fall. SOMC asserts that a non-movant cannot defeat a summary judgment motion with an affidavit that conflicts with prior deposition testimony pursuant to Steiner v. Steiner (July 12, 1995), Scioto App. No. 93CA2191, unreported.
Even if we agreed that the alleged discrepancy between Vanderpool's deposition and Cooper's affidavit constitutes a contradiction, and even if Vanderpool's deposition were properly before us as part of the record, we would disagree with SOMC's conclusion because SOMC misstates the law. The limitation on affidavits that conflict with prior depositions applies only when: (1) the affiant is a party to the litigation, (2) her affidavit is inconsistent with her own prior deposition, and (3) the affidavit neither suggests that the affiant was confused at the deposition nor offers a reason for the contradiction in her prior testimony. See Push v. A-Best Prods. Co. (Apr. 18, 1996), Scioto App. No. 94CA2306, unreported, citing LeMaster v. Circleville LongTerm Care, Inc. (Feb. 22, 1988), Pickaway App. No. 87CA2, unreported. See, also, Kollmorgan v. Raghavan et al. (May 5, 2000), Mahoning App. No. 98CA123. Because Cooper is not a party, and because the record does not contain a prior deposition of Cooper that contradicts Cooper's affidavit, Vanderpool can overcome a motion for summary judgment by relying upon Cooper's affidavit.
In sum, we find that the discrepancies between the affidavits of Beair and Cooper give rise to a genuine issue of material fact. Reasonable minds could differ as to the conclusion to be drawn from the evidence presented. Therefore, we sustain Vanderpool's assignment of error.
Accordingly, we reverse the judgment of the trial court.
JUDGMENT REVERSED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Evans, J.: Concur in Judgment and Opinion.
For the Court
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] Vanderpool originally filed her response memorandum under an incorrect case number. However, SOMC obviously received the memorandum, as it filed a reply. Additionally, the trial court stated in its judgment entry that it considered Vanderpool's memorandum. Upon Vanderpool's motion to this court, pursuant to App.R. 9(E), we modified the record to include Vanderpool's response to SOMC's motion for summary judgment. That motion includes Cooper's affidavit.