OPINION
{¶ 1} Plaintiff-appellant, Kathleen Schuster, appeals the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, denying her motion to vacate and her motion for new trial. We affirm the judgment of the lower court. *Page 2 
 {¶ 2} Kathleen and appellee, Kenneth Schuster, were married on December 2, 1976. Two children, Kenneth James (d.o.b. 5/25/1977) and Eric (d.o.b. 8/25/1980) were born as issue of the marriage. At all times relevant to these proceedings, Kenneth and Eric were emancipated adults.
 {¶ 3} On January 27, 2006, Kathleen filed a complaint for divorce, alleging gross neglect of duty, extreme cruelty, and incompatibility. The complaint further alleged that Kathleen was medically disabled, and thus, in need of both temporary and permanent support, as well as an award of attorney fees. On the same date, she also filed a motion for Temporary spousal support, in the amount of $2,382.00 per month, along with an affidavit of income, expenses, and property.
 {¶ 4} On February 27, 2006, Kenneth filed his answer and counterclaim. On the same date, having received leave of court, Kenneth filed his own affidavit of income, expenses, and property.
 {¶ 5} On March 7, 2006, the trial court issued a temporary spousal support order, ordering Kenneth to pay the sum of $500.00 per month to Kathleen, as well as pay the additional sum of $1,528.96 "directly to the mortgage on 1874 Marsh Lane, Painesville, OH" for the purpose of keeping the mortgage current through the pendency of the proceedings.
 {¶ 6} On March 15, 2006, Kathleen filed an answer to Kenneth's counterclaim.
 {¶ 7} On April 3, 2006, Kathleen filed a Motion to Modify the Temporary Spousal Support Order, requesting a hearing on the matter. Kathleen attached an affidavit and several exhibits to this motion. The affidavit averred that, due to Kathleen's litany of health issues, she was only earning $400.00 per month and, as a result, the court's earlier order of support was insufficient. *Page 3 
 {¶ 8} Following a case management conference on July 10, 2006, the court issued an order setting the matter for a three day trial commencing on December 4, 2006. In order to expedite trial, the court made an additional order to address Kathleen's objections to the temporary order of support at the final hearing, "with the understanding that Husband will continue to pay bills as he has been."
 {¶ 9} Following the completion of discovery, the matter proceeded to trial before the magistrate as scheduled on December 4, 2006. On the same day, Kathleen filed a second affidavit of income, expenses, and property.
 {¶ 10} On December 6, 2006, the magistrate issued his decision. In his findings of fact, the Magistrate found that Kenneth and Kathleen were incompatible, and were therefore entitled to a divorce on those grounds.
 {¶ 11} Furthermore, the magistrate made the following additional relevant findings:
 {¶ 12} "Counsel submitted to the Magistrate a seven-page handwritten settlement agreement, a copy of which is attached hereto and incorporated as though fully rewritten herein. This settlement agreement contains the parties' agreement regarding all issues.[1]
 {¶ 13} "Both litigants, under oath and on the record, indicated they have asked each of their counsel any questions they have and received answers which are satisfactory. They further indicate, under oath and on the record, that neither one has any additional questions, both intend to be bound by the terms of the agreement, both understand all of the terms and agree to the same voluntarily and not under duress, and *Page 4 
both understand they are not free to change their minds once they leave the trial table since, in all probability[,] their agreement will become the Court's Order.
 {¶ 14} "Counsel and/or the parties waive the fourteen (14)-day period for objections, waive further Findings of Fact and Conclusions of Law, and ask that this decision be submitted immediately for consideration. Counsel explained that the Judgment Entry of Divorce will not be submitted to the court for signature until approximately 01/03/2007 because the parties intend to file joint federal income tax returns for calendar year 2006."
 {¶ 15} In his conclusions of law, the magistrate stated: "The parties agreement is based upon full disclosure of all assets and liabilities, and is fair and reasonable under the circumstances, and should be approved when submitted immediately for consideration, and should be approved when submitted in the form of a Judgment Entry of Divorce or Judgment Entry of Divorce with Attached Separation agreement."
 {¶ 16} Pursuant to the aforementioned findings of fact and conclusions of law, the magistrate ordered Kenneth's attorney "to prepare, circulate for signature, and proffer to the Court a Judgment Entry of Divorce, granting the parties a divorce on the ground of incompatibility and incorporating the parties' agreement as recorded at the hearing held on 12/5/2006. This Judgment Entry may include an attached and incorporated Separation Agreeement, and shall comply with all rules and statutory requirements."
 {¶ 17} The order further stated that "[t]he fourteen (14) days for objections and further Findings of Fact and Conclusions of Law having been waived, this Decision shall be submitted immediately for consideration." *Page 5 
 {¶ 18} Kathleen did not file any objections to the magistrate's decision. On December 11, 2006, the trial court adopted the magistrate's decision as filed.
 {¶ 19} On January 18, 2007, Kenneth's attorney filed a motion for an extension of time to file the Judgment Entry Decree of Divorce. The basis for the motion was a communication from Kathleen's attorney, Daniel Wilt, advising him that he was instructed to withdraw as counsel of record. On January 23, 2007, Attorney Wilt filed his motion to withdraw as Kathleen's counsel with the court. This motion was granted the following day.
 {¶ 20} On February 9, 2007, Kathleen, through her new counsel, filed a "Motion to Vacate and/or Motion to Set Aside the Settlement Agreement, Magistrate's Decision and Divorce Decree," in effect, a Motion for Relief from Judgment, pursuant to Civ. R. 60(B) and a Motion for New Trial, pursuant to Civ. R. 59.
 {¶ 21} On February 22, 2007, the trial court denied Kathleen's motion for lack of a final order, since the final divorce decree had not been issued at that point. On the same day, the court journalized the Judgment Entry Decree of Divorce, granting the parties a divorce on the grounds of incompatibility, issuing an order of support, and dividing the marital property in accordance with the agreement incorporated in the magistrate's decision.
 {¶ 22} On February 28, 2007, Kathleen refiled her "Motion to Vacate" and/or "Set Aside the Settlement Agreement, Magistrate's Decision and Divorce Decree." On the same day, Kathleen filed her first notice of appeal with this court, appealing the Judgment Entry Decree of Divorce and the court's adoption of the Magistrate's Decision. *Page 6 
 {¶ 23} While Kathleen's appeal was pending with this court, Kenneth filed a Motion to Dismiss Kathleen's February 28, 2007 Motion to Vacate with a memorandum in support. On April 18, 2007, the trial court issued a judgment relative to Kenneth's Motion to Dismiss, holding that it was without jurisdiction to rule on the motion while an appeal was pending with this court.
 {¶ 24} In the interim, both parties filed various motions, including Motions to Show Cause, alleging that the other should be held in contempt for failure to comply with the trial court's prior orders, as well as a motion from Kathleen for a limited stay in the execution of the court's judgment.
 {¶ 25} On June 29, 2007, this court ordered a limited remand to the trial court for the purpose of deciding Kathleen's February 28, 2007 motion.
 {¶ 26} On August 28, 2007, the trial court issued a judgment entry denying Kathleen's motion.
 {¶ 27} On September 24, 2007, Kathleen filed a second notice of appeal, appealing the court's August 28, 2007 denial of her Motion to Vacate and/or Motion for New Trial. This court, sua sponte, consolidated Kathleen's appeals for the purposes of our review.
 {¶ 28} On appeal, Kathleen raises the following assignments of error for our review:
 {¶ 29} "[1.] The trial court erred to the prejudice of the Appellant by adopting the proposed judgment entry without a hearing.
 {¶ 30} "[2.] The trial court erred to the prejudice of the Appellant by adopting the proposed judgment entry over the objections of the plaintiff through Civil Rule 60(B) and Civil Rule 59 requests for relief." *Page 7 
 {¶ 31} Since both of Kathleen's assignments of error are concerned with the trial court's denial of her February 9, 2007 motion, they will be addressed together.
 {¶ 32} In her first assignment of error, Kathleen argues that the trial court erred by "adopting the proposed judgment entry submitted by Appellee over Appellant's objections through the Motion to Vacate and Motion to Set Aside." In essence, she argues that the trial court erred in denying her February 9, 2007 motion without a hearing.[2] We disagree.
 {¶ 33} A review of Kathleen's February 9, 2007 motion reveals that the motion requested the court to "vacate and/or set aside the magistrate's decision, dated 6 December 2006 and Decree, dated 11 December 2006, pursuant to and in accordance with Rule 60(B) of the Ohio Rules of Civil Procedure, and/or to set the matter for trial and rehearing, pursuant to and in accordance with Rule 59 of the Ohio Rules of Civil Procedure * * *. Under either alternative, Plaintiff requests that the Court set aside the Settlement Agreement and declare it void and unenforceable."
 {¶ 34} As is evident from the foregoing, Kathleen's motion is, in reality, an effort to use a Civ. R. 60(B) motion as a means to raise objections to the magistrate's decision and the trial court's adoption thereof, issued on December 11, 2006.
 {¶ 35} Civ. R. 53(D)(3)(b)(i) provides that a party challenging a magistrate's decision may submit written objections within fourteen days of the filing of that decision. The objections must be "specific and state with particularity all grounds for objection." Civ. R. 53(D)(3)(b)(ii). If no party files proper objections within that time period, the trial court is free to adopt the magistrate's decision "unless it determines that there is an *Page 8 
error of law or other defect evident on the face of the magistrate's decision." Civ. R. 53(D)(4)(c).
 {¶ 36} In the instant case, not only did Kathleen fail to timely file any objections to the magistrate's decision, but pursuant to the agreement, expressly waived her right to do so.
 {¶ 37} "Civ. R. 60(B) * * * cannot be used to challenge a magistrate's decision because it only applies to `a final judgment, order or proceeding[.]'" Pine Ave. Commerce Park, Inc. v. Jarvis, 11th Dist. No. 2001-T-0143, 2002-Ohio-6699, at ¶ 13 Citations omitted). Moreover, "an entry in which a trial court merely adopts the [magistrate's] recommendations does not constitute a `judgment' from which an appeal can be taken" absent "language which sets forth the trial court's own determination in the matter." Harkins v. Wasiloski, 7th Dist. No. 00 CA 9, 2001-Ohio-3464, at ¶ 8 (citations omitted).
 {¶ 38} In addition, the trial court did not err by denying Kathleen's motion on the basis of Civ. R. 59. "Since the settlement agreement was reached by the parties out of court, no `trial' occurred." See In reEstate of Alexander (1993), 92 Ohio App.3d 190, 202.
 {¶ 39} Kathleen's first and second assignments of error are without merit.
 {¶ 40} Based upon the foregoing, the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs to be taxed against appellant.
CYNTHIA WESTCOTT RICE, J., TIMOTHY P. CANNON, J., concur.
[1] The aforementioned agreement was signed by both parties, with signatures of two witnesses, one witness being Kathleen's attorney of record, Daniel Wilt.
[2] Kathleen's argument in her first assignment of error, as framed,must apply to the February 9, 2007 motion since the trial court conducted a hearing on the identical motion, as resubmitted to the court on February 28, 2007 on July 17, 2007, following a remand from this court for that purpose. *Page 1