[Cite as *Foy v. Vaughn*, 2013-Ohio-5638.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| RONALD FOY, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 12 CO 38 |
| V. | ) | |
| | ) | OPINION |
| ANGELA VAUGHN, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Court of Common Pleas, Domestic Relations Division of Columbiana County, Ohio
Case No. 09DR96

JUDGMENT:                                    Reversed and Remanded

APPEARANCES:
For Plaintiff-Appellee                     No brief filed

For Defendant-Appellant                Attorney David L. Engler
839 Southwestern Run
Youngstown, Ohio 44514

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: December 17, 2013

DONOFRIO, J.

{¶1}    Defendant-appellant, Angela Vaughn, appeals from a Columbiana County Common Pleas Court judgment ruling that her objections to a magistrate's decision were untimely.

{¶2}    Appellant was married to plaintiff-appellee, Ronald Foy, and two children were born as issue of the marriage.  The parties were divorced in December 2010.  Appellant was named the residential parent and appellee was granted visitation.

{¶3}    On March 23, 2011, appellee filed a motion to modify parental rights and responsibilities.  Various other motions by the parties followed.  As a result, on June 4, 2012, an Agreed Magistrate's Decision was filed.  The Agreed Magistrate's Decision incorporated a shared parenting plan as agreed to by the parties.  This Agreed Decision was signed by the magistrate and both parties' counsel.

{¶4}    On June 28, 2012, appellant filed objections to the magistrate's decision and a request to vacate the entry.  She alleged she was coerced into accepting the shared parenting plan and did not voluntarily enter the agreement.  Appellant further stated she did not receive the Agreed Magistrate's Decision until June 26, 2012, after returning from a vacation.  She stated that the decision had been mailed to an old address.

{¶5}    On July, 19, 2012, the trial court overruled the objections and denied the request to vacate.  The court noted that both parties were represented by counsel during the proceedings.  It further found the June 4 decision was mailed by the clerk of courts office to both counsel on June 6, 2012.  The court stated that even allowing as many as six days for mail delivery, the objections were not filed until June 28, "well beyond the 10-day deadline" for filing objections.

{¶6}    Next, on August 6, 2012, appellant filed additional objections to the magistrate's decision and request to vacate entry.  These "additional objections" repeated the original objections with the addition of appellant's affidavit in support.  In her affidavit, appellant averred that the June 4 decision was mistakenly mailed to her in-laws, who gave it to her on June 16 or 17.  She further averred that she requested

an objection on June 26, well within the 14-day requirement or even within a 10-day requirement.

**{¶7}** The trial court dismissed the additional objections on August 9, 2012. It found the additional objections "clearly relate back to the above Objections which were already dismissed."

**{¶8}** Appellant filed a timely notice of appeal on September 12, 2012. Noting that the order appealed referenced the July 19, 2012 judgment entry dismissing the original objections as untimely and the objections related back to a June 4, 2012 judgment entry adopting a shared parenting plan, this court ordered appellant to file a memorandum demonstrating that we have authority to proceed with this appeal. Appellant filed the memorandum. We then put on a judgment entry noting that the filing of additional objections is not a tolling event for purposes of appeal. We stated that the instant appeal would be "narrowly focused on the August 9, 2012 judgment entry dismissing the additional objections."

**{¶9}** Appellee has failed to file a brief in this matter. Therefore, we may consider appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain that action. App.R. 18(C).

**{¶10}** Appellant raises a single assignment of error that states:

THE COURT COMMITTED PLAN [sic.] ERROR IN ITS DECISION TO DENY THE ADDITIONAL OBJECTIONS AND REQUEST TO VACATE BY CONCLUDING THAT THEY RELATED BACK TO THE OBJECTIONS PREVIOUSLY DISMISSED.

**{¶11}** Appellant contends the trial court summarily dismissed her "additional objections and request to vacate" by wrongfully concluding that they related back to her previously dismissed objections. She asserts the court failed to address the issue she raised, that being the original objections filed on June 28, 2012, were timely filed because a 14-day time period existed as opposed to a 10-day period for filing those objections as the trial court found. She further asserts the court failed to

address the affidavit she attached to show that filing of her original objections was timely. Appellant argues that because she was not timely served with the magistrate's decision, the period of time to file her objections should have been extended.

**{¶12}** The Agreed Magistrate's Decision was filed on June 4, 2012. Copies of the Agreed Magistrate's Decision were mailed to the parties and to their respective counsel on June 6, 2012.

**{¶13}** Appellant filed her original objections on June 28, 2012, 22 days after the Agreed Magistrate's Decision was mailed.

**{¶14}** Civ.R. 53(D)(3)(b)(i) provides a party may file written objections to a magistrate's decision within 14 days of the filing of the decision. Pursuant to the "mailbox rule" of Civ.R.6(D), three days shall be added to the prescribed period for filing. Thus, appellant had 17 days from June 6, in which to file her objections. Thus, barring any unusual circumstances, her original objections should have been filed by June 23.

**{¶15}** But Civ.R. 53(D)(5) provides that the trial court shall allow a reasonable extension of time to file objections for good cause shown. "Good cause" includes the "failure by the clerk to timely serve the party seeking the extension with the magistrate's order or decision." Civ.R. 53(D)(5).

**{¶16}** Appellant asserted in her affidavit attached to her "additional objections" that the clerk failed to timely serve her because the clerk did not mail the Agreed Magistrate's Decision to her correct address. Therefore, she averred that she did not receive the Agreed Magistrate's Decision until June 16 or 17.

**{¶17}** The Certificate of Mailing shows that a copy of the decision was mailed to appellant at 11311 Beaver Creek Road, Salem, Ohio.

**{¶18}** In her affidavit, however, appellant averred that the Beaver Creek Road address was her in-laws' address. (Vaughn Aff. ¶7). She further averred that her actual physical address for the past two years has been 4300 West Garfield Road, Columbiana, Ohio and her actual mailing address for the past three years has been

P.O. Box 72, Washingtonville, Ohio. (Vaughn Aff. ¶1). Appellant averred that, during the last three years, she has disclosed both the P.O. Box and West Garfield Road addresses in open court when questioned by counsel or the court. (Vaughn Aff. ¶3).

**{¶19}** The trial court never addressed appellant's argument in its August 9, 2012 judgment. The court simply concluded that because the additional objections "clearly relate back" to the original objections "which were already dismissed," the additional objections were "dismissed as well."

**{¶20}** But as appellant demonstrated by her affidavit and by the Certificate of Mailing, we can see that the clerk did not timely serve appellant with the magistrate's decision because it was mailed to an incorrect address. This was "good cause" within the meaning of Civ.R. 53(D)(5) for a reasonable extension of time to file objections.

**{¶21}** Appellant filed her objections on June 28, 2012. This was only five days past the date when her objections were due. A five-day extension is reasonable under the facts of this case.

**{¶22}** Based on Civ.R. 53(D)(5), the trial court should have allowed appellant an extension of time to file her original objections because appellant demonstrated that the clerk failed to timely serve her with the Agreed Magistrate's Decision.

**{¶23}** Accordingly, appellant's sole assignment of error has merit.

**{¶24}** For the reasons stated above, the trial court's August 9, 2012 judgment is hereby reversed and the matter is remanded so that the trial court may consider the merits of appellant's June 28, 2012 objections.

Vukovich, J., concurs.

DeGenaro, P.J., concurs.