[Cite as *Foy v. Vaughn*, 2015-Ohio-3575.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| RONALD FOY, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 14 CO 30 |
| V. | ) | |
| | ) | OPINION |
| ANGELA VAUGHN, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Court of Common
                              Pleas, Domestic Relations Division of
                              Columbiana County, Ohio
                              Case No. 2009-DR-96

JUDGMENT:                     Affirmed

APPEARANCES:
For Plaintiff-Appellee        No brief filed

For Defendant-Appellant       Attorney David L. Engler
                              839 Southwestern Run
                              Youngstown, Ohio 44514

JUDGES:

Hon. Gene Donofrio
Hon. Mary DeGenaro
Hon. Carol Robb

Dated: August 20, 2015

DONOFRIO, P.J.

{¶1} Defendant-appellant, Angela Vaughn, appeals from a Columbiana County Common Pleas Court judgment overruling her objections to a magistrate's decision that incorporated an agreed shared parenting plan and overruling her motion to vacate that decision.

{¶2} Appellant was married to plaintiff-appellee, Ronald Foy, and two children were born as issue of the marriage. The parties were divorced in December 2010. Appellant was named the residential parent and appellee was granted visitation.

{¶3} On March 23, 2011, appellee filed a motion to modify parental rights and responsibilities. As a result, on June 4, 2012, an Agreed Magistrate's Decision was filed. The Agreed Magistrate's Decision incorporated a shared parenting plan as agreed to by the parties. This Agreed Decision was signed by the magistrate, the parties, and both parties' counsel.

{¶4} Appellant filed objections to the magistrate's decision and a request to vacate the entry. She alleged she was coerced into accepting the shared parenting plan and did not voluntarily enter the agreement. Appellant further stated she did not receive the Agreed Magistrate's Decision until June 26, 2012, after returning from a vacation. She stated that the decision had been mailed to an old address. The trial court overruled the objections as untimely and denied the request to vacate.

{¶5} Appellant then filed additional objections to the magistrate's decision and a request to vacate the entry. These "additional objections" repeated the original objections with the addition of appellant's affidavit in support. In her affidavit, appellant averred that the June 4 decision was mistakenly mailed to her in-laws, who gave it to her on June 16 or 17. She further averred that she requested an objection on June 26, well within the 14-day requirement or even within a 10-day requirement.

{¶6} The trial court dismissed the additional objections, finding they related back to the objections which were already dismissed. Appellant appealed from this judgment.

{¶7} On appeal, this court found that based on Civ.R. 53(D)(5), the trial court

should have allowed appellant an extension of time to file her original objections because she demonstrated that the clerk failed to timely serve her with the Agreed Magistrate's Decision. *Foy v. Vaughn*, 7th Dist. No. 12 CO 38, 2013-Ohio-5638, ¶22. We reversed the trial court's judgment and remanded the matter so that the trial court could consider the merits of appellant's objections. *Id.* at ¶24.

{¶8} On remand, the trial court held a hearing on appellant's objections where it heard testimony from appellant and several witnesses. The trial court subsequently overruled appellant's objections and motion to vacate. It found there was a meeting of the minds when the parties signed the shared parenting agreement, which was then approved by the court. It noted that in the two years since the parties entered the shared parenting plan they had not filed any additional parenting motions, which suggested to the court that the shared parenting agreement was working. The court found that any claim by appellant that her signature was coerced or involuntary was not supported by the evidence and she was simply exhibiting "buyer's remorse." Therefore, the court overruled appellant's objections and motion to vacate.

{¶9} Appellant filed a timely notice of appeal on July 17, 2014.

{¶10} Appellee has failed to file a brief in this matter. Therefore, we may consider appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain that action. App.R. 18(C).

{¶11} Appellant raises two assignments of error, the first of which states:

> THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION AND AN ERROR OF LAW WHEN IT REFUSED TO VACATE THE JUDGMENT ENTRY AFTER IT WAS DETERMINED THAT THERE WAS NO COURT RECORD TO ESTABLISH THAT APPELLANT'S AGREEMENT WAS VOLUNTARY.

{¶12} Appellant argues the trial court abused its discretion in overruling her objections because there is no record from when she signed the shared parenting

agreement that would indicate that she signed voluntarily. She now claims she signed involuntarily because she felt coerced by the magistrate and the guardian ad litem. Appellant contends the court erred in failing to hold a hearing at the time she signed the shared parenting agreement to ensure that she and appellee were signing the agreement voluntarily. She asserts that without a record of the signing of the shared parenting agreement, we must accept her statements that she was coerced into signing it.

{¶13} A magistrate's decision is an interlocutory order. *Reed v. Jagnow*, 7th Dist. No. 12 MA 201, 2013-Ohio-2546, ¶30. As such, it is subject to reconsideration on a party's motion or by the trial court sua sponte. *Ensell v. Ensell*, 7th Dist. No. 09 JE 14, 2010-Ohio-5942, ¶26. A trial court reviews a magistrate's decision de novo. *Id.*

{¶14} An appellate court reviews a trial court's ruling on a magistrate's decision for abuse of discretion. *Id.* at ¶27. Abuse of discretion connotes more than an error of law or judgment; it implies an attitude that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶15} Appellant contends the trial court had no choice but to accept her allegations as true because there was no record made when she signed the shared parenting agreement. She claims the magistrate should have brought her and appellee in for a hearing and questioned them as to whether they signed the shared parenting agreement voluntarily.

{¶16} Appellant, however, can point to no authority that required the magistrate to question her about the voluntariness of her agreement. The shared parenting agreement was, in essence, a settlement agreement. Parties involved in litigation enter into settlement agreements every day and are not questioned by the court at a hearing as to whether they are entering the settlement voluntarily. Thus, we cannot conclude the magistrate erred by not holding a hearing and questioning the parties once their attorneys stated they had reached an agreement. It stands to

reason then, that the trial court did not abuse its discretion in failing to find error with the magistrate's decision on this basis.

**{¶17}** Accordingly, appellant's first assignment of error is without merit.

**{¶18}** Appellant's second assignment of error states:

> THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION AND ERROR OF LAW WHEN IT REFUSED TO VACATE THE JUDGMENT ENTRY AFTER EVIDENCE WAS PRESENTED THAT APPELLANT WAS COERCED INTO SIGNING THE SHARED PARENTING AGREEMENT.

**{¶19}** Appellant contends here that the trial court should have granted her motion to vacate the magistrate's decision incorporating the shared parenting agreement. She contends she presented evidence that she was coerced by the magistrate and the guardian ad litem into signing the agreement. Appellant points to the affidavit of her former counsel in support.

**{¶20}** Appellant's former attorney submitted an affidavit in which she averred that she told appellant she believed the magistrate's perception of her was that she was "nuts" for continuing to report the potential abuse of her daughters. (Robbins Aff. ¶3). The attorney further averred that it was "abundantly clear" that if appellant pursued a hearing, she would lose the 50/50 shared parenting plan she had negotiated with counsel and be relegated to a standard order of visitation. (Robbins Aff. ¶4). And she averred appellant was emotionally distraught. (Robbins Aff. ¶6). Finally, counsel averred, "I cannot say that any agreement she [appellant] entered into was voluntary, since it was done upon what I believed was a predetermined outcome, which I was ethically obligated to communicate to my client." (Robbins Aff. ¶7).

**{¶21}** Appellant's former counsel also testified at the hearing on appellant's objections and motion to vacate. She stated that appellant knew the terms of the shared parenting agreement several days before it was set for hearing, so she had

time to consider it. (Tr. 66). She characterized appellant's acceptance of the shared parenting agreement as voluntary but very reluctant. (Tr. 71).

**{¶22}** Appellant also points to her own testimony. She testified that she was "forced" to sign the agreement because she feared having her children placed in appellee's custody, as she perceived him to be a danger to them. (Tr. 81).

**{¶23}** Additionally, appellee's counsel testified. She stated that the guardian ad litem had recommended granting custody to appellee. (Tr. 28). She also testified that the shared parenting agreement took an entire day to negotiate between the parties and that the magistrate was willing to try the matter at any time. (Tr. 29-30).

**{¶24}** The trial court found that any claim appellant's signature was coerced or was involuntary was not supported by the evidence. It concluded that appellant's allegations of involuntariness and coercion appeared to be a case of "buyer's remorse."

**{¶25}** Appellant knew the terms of the agreement and decided that she would sign it. She may have felt pressured to accept the agreement, but that does not change the fact that she made a decision to sign it and did so of her own accord. In her objections, appellant stated she was "informed that her options were to accept the offer of shared parenting of a fifty-fifty time split or face losing the children altogether at trial." This is a predicament parents are faced with every day in custody disputes. They can either enter a shared parenting agreement or go to trial and risk losing custody of their children. This is clearly a difficult choice to make. But it does not render a shared parenting agreement "coerced" or "involuntary." Moreover, appellant's counsel was obligated to give appellant her assessment of the situation and advise appellant as she saw fit. The attorney relayed to appellant how she thought the magistrate perceived her. While this information may have put more pressure on appellant to settle, it was still her choice to do so.

**{¶26}** Thus, we cannot conclude that the trial court abused its discretion in overruling appellant's motion to vacate the magistrate's decision. The evidence showed that while appellant's acceptance of the share parenting agreement was

"very reluctant" it was nonetheless "voluntary." (Tr. 71). The trial court's decision was supported by the evidence and there is no indication that it acted arbitrarily, unreasonably, or unconscionably. Accordingly, appellant's second assignment of error is without merit.

**{¶27}** For the reasons stated above, the trial court's judgment is hereby affirmed.

DeGenaro, J., concurs.

Robb, J., concurs.